UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| VIMUEL NEAL RIDGEWAY,<br>  Plaintiff | )<br>)<br>) | |
| | ) | Case No. 1:13-CV-389 |
| v. | ) | (COLLIER/CARTER) |
| | )<br>) | |
| CAROLYN W. COLVIN,<br>Commissioner of Social Security<br>  Defendant | )<br>)<br>) | |

REPORT AND RECOMMENDATION

This action was instituted pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner denying the plaintiff a period of disability, disability insurance benefits, and supplemental security income under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 416(I), 423, and 1382.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation regarding the disposition of Plaintiff's Motion for Summary Judgment (Doc. 10) and Defendant's Motion for Summary Judgment (Doc. 11).

For the reasons stated herein, I RECOMMEND the decision of the Commissioner be AFFIRMED.

Plaintiff's Age, Education, and Past Work Experience

Plaintiff was 52 years old at the time of the ALJ's decision (Tr. 6, 24). Plaintiff completed the twelfth grade and had past relevant work experience as a shipping/receiving clerk and a line feeder (Tr. 24, 31, 165-66).

Applications for Benefits

Plaintiff filed an application for a period of disability and disability insurance benefits (DIB) and supplemental security income on May 20, 2011 (Tr. 33). He alleges a disability onset date of January 31, 2007, due to chronic back pain (Tr. 130). His application was denied initially and upon reconsideration. Plaintiff then requested a hearing which was held before an Administrative Law Judge on August 21, 2012 (Tr. 20). The ALJ issued an unfavorable decision on September 27, 2012 (Tr. 9-15). Plaintiff appealed to the Appeals Council. The Appeals Council declined to review the claim (Tr. 1-3). Plaintiff timely filed a complaint with this Court. This case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

Standard of Review - Findings of the ALJ

To establish disability under the Social Security Act, a claimant must establish he/she is unable to engage in any substantial gainful activity due to the existence of "a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); Abbot v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990). The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. § 404.1520. The following five issues are addressed in order: (1) if the claimant is engaging in substantial gainful activity he/she is not disabled; (2) if the claimant does not have a severe impairment he/she is not disabled; (3) if the claimant's impairment meets or equals a listed impairment he/she is disabled; (4) if the claimant is capable of returning to work he/she has done in the past he/she is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy he/she is not disabled. Id. If the ALJ makes a dispositive finding at any step, the inquiry ends without proceeding to the next step. 20 C.F.R. § 404.1520; Skinner v. Secretary of Health & Human Servs., 902 F.2d 447, 449-50

(6th Cir. 1990). Once, however, the claimant makes a prima facie case that he/she cannot return to his/her former occupation, the burden shifts to the Commissioner to show that there is work in the national economy which he/she can perform considering his/her age, education and work experience. Richardson v. Secretary, Health and Human Servs., 735 F.2d 962, 964 (6th Cir. 1984); Noe v. Weinberger, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review by this Court is whether the findings of the Commissioner are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 28 L. Ed. 2d 842, 92 S. Ct. 1420 (1971); Landsaw v. Secretary, Health and Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). Even if there is evidence on the other side, if there is evidence to support the Commissioner's findings they must be affirmed. Ross v. Richardson, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision makers. It presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. Felisky v. Bowen, 35 F.3d 1027 (6th Cir. 1994) (citing Mullen v. Bowen, 800 F.2d 535, 548 (6th Cir. 1986)); Crisp v. Secretary, Health and Human Servs., 790 F.2d 450 n. 4 (6th Cir. 1986).

After considering the entire record, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2011.

2. The claimant has not engaged in substantial gainful activity since January 31, 2007, the alleged onset date (20 CFR 404.1571 *et seq*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: degenerative changes of the lumbar spine and spondylosis of the lumbar spine (20 CFR 404.1520(c) and 416.920(c)).

3

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5.  After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform the full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c).

6.  The claimant is capable of performing past relevant work as a shipping/receiving clerk and a line feeder. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7.  The claimant has not been under a disability, as defined in the Social Security Act, from January 31, 2007, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. 11-15).

## Issues Presented

1. Whether the ALJ erred by finding Plaintiff did not meet or equal Listing 1.04.

2. Whether the ALJ erred by failing to consider the combined adverse effects of Plaintiff's multiple severe medically determined severe impairments in determining he could engage in substantial gainful activity.

## Relevant Facts

Plaintiff's medical treatment is set forth in detail in the ALJ's Administrative Decision (Tr. 11-17) and in Plaintiff's Memorandum. I will not repeat it here but will refer to relevant portions of it in the analysis section.

## Analysis

### 1) Did Plaintiff Meet or Equal Listing 1.04?

Plaintiff contends her impairments met or equaled section 1.04 of the Listing of Impairments (Listing 1.04) (Doc. 10-1, Plaintiff's Brief at 7-10). See 20 C.F.R. pt. 404, subpt. P,

4

app. 1, § 1.04. When a claimant alleges his/her impairments meet or equal a listed impairment, he/she must present specific medical findings that satisfy all of the criteria of the particular listing. See 20 C.F.R. §§ 416.920(a)(4)(iii), (d), 416.925, 416.926; Sullivan v. Zebley, 493 U.S. 521, 530-32 (1990); Foster, 279 F.3d at 354; Hale v. Sec'y of Health and Human Servs., 816 F.2d 1078, 1082-83 (6th Cir. 1987). The duration requirement requires that a claimant's impairment be expected to result in death, or have lasted or be expected to last for a continuous period of at least twelve months. See 20 C.F.R. §§ 404.1509, 416.909. For reasons that follow, I conclude Plaintiff failed to prove her impairments met or equaled Listing 1.04. Substantial evidence supports the ALJ's finding that Plaintiff's impairments did not meet or equal a listed impairment.

> Listing 1.04 provides:
>
> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A.  Evidence of nerve root compression, characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss or reflex loss, and if there is involvement of lower back, positive straight-leg raising test (sitting and supine); or
>
> B.  Spinal arachnoiditis; or
>
> C.  Lumbar spinal stenosis resulting in pseudoclaudication[1], established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

---

1 "Pseudoclaudication, which may result from lumbar spinal stenosis, is manifested as pain and weakness, and may impair ambulation." 20 C.F.R. pt. 404, subpt. P, app. 1, 1.00(K)(3).

After discussing the medical record supporting his step two finding, the ALJ found Plaintiff had not demonstrated he had an impairment that met a listed impairment (Tr. 13). Medical evidence in the record includes an MRI taken in August 2006 of Plaintiff's lumbar spine showed mild degenerative changes with no evidence of disc herniation's or nerve root impingements (Tr. 12, 218). The conclusions reached in an October 24, 2006 Functional Capacity Evaluation resulted in Plaintiff being classified for heavy work. At an October 30, 2006 follow-up visit to Rickey L. Hutcheson D.O., it was noted that Plaintiff was doing pretty well and that the functional capacity evaluation showed he gave maximum effort and was able to do the heavy lifting category. He was released to go back to work with no restrictions, his lumbar strain was resolved. (Tr. 12, 188 and 212).

William Holland, M.D., a consultative examiner, examined Plaintiff in July 2011 (Tr. 12, 221-23). Plaintiff complained of back pain, which radiated into both legs intermittently (Tr. 221). Plaintiff demonstrated decreased range of motion of the cervical and lumbar spine; however, all other joints were normal, grip strength was 5/5 (full) bilaterally, straight leg raising was negative, and there was no peripheral edema (Tr. 12, 222-23). An x-ray of Plaintiff's lumbar spine showed lumbar spondylosis at the L5-S1 level and <u>mild</u> lower lumbar facet arthropathy (Tr. 12, 224).

A July 29, 2011 Physical Residual Functional Capacity Assessment by non-examining state agency physician, Dr. Marvin Cohn, concluded Plaintiff was capable of medium work (Tr. 230-238). Also in the record is a review of the July 29, 2011 assessment by another non-examining state agency physician by Dr. Nathaniel Briggs. His review was conducted on October 27, 2011.

6

Michael Witt, M.D., a consultative examiner, examined Plaintiff in August 2012 (Tr. 12, 250-52). Plaintiff complained that pain in his right leg caused him to walk with a limp (Tr. 250). Examination demonstrated tenderness of the lumbar spine with decreased range of motion, positive straight leg raising bilaterally with both sitting and standing, and sensory loss and motor weakness in the right lower extremity (Tr. 12, 252). Dr. Witt noted the claimant was unable to walk on his heels or toes (Tr. 12, 252).

As the Commissioner notes, even assuming that the August 2012 examination demonstrated Plaintiff had medical findings that satisfied the criteria of listing 1.04A, Plaintiff failed to satisfy the durational requirement. See 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(iii), 404.1525(c)(3), 416.909, 416.920(a)(4)(iii), 416.925(c)(3); Sullivan, 493 U.S. at 530-32; Hale, 816 F.2d at 1082-83; see also 20 C.F.R. pt. 404, subpt. P., app. 1, §1.00D (claimant must prove the medical source findings were not merely intermittent). Indeed, at the July 2011 examination by Dr. Holland, Plaintiff had a negative straight leg raising test (Tr. 222-23). A positive straight leg raising test is required to meet listing 1.04A. See 20 C.F.R. pt. 404, subpt. P, app. 1, §1.04A. Although Plaintiff asserts his symptoms have lasted at least twelve continuous months (Pl.'s Br. at 8), medical reports are required to determine the duration of the impairment. See Social Security Ruling (SSR) 82-52, 1982 WL 31376, at *3 (S.S.A.). The medical record provides substantial evidence that Plaintiff did not meet the durational requirement. Accordingly, substantial evidence supports the ALJ's finding that Plaintiff did not meet listing 1.04A.

Plaintiff failed to satisfy the medical criteria for either listing 1.04B or C. Listing 1.04B refers to spinal arachnoiditis as confirmed by an operative note or tissue biopsy. See 20 C.F.R. pt. 404, subpt. P, app. 1, §1.04B. Further, Plaintiff does not argue that he satisfied this listing.

7

See Pl.'s Br. at 6-10.[2]

Listing 1.04C pertains to lumbar spinal stenosis resulting in the inability to ambulate effectively. See 20 C.F.R. pt. 404, subpt. P, app. 1, §1.04C. The Code of Federal Regulations defines the inability to ambulate effectively as follows:

*What we mean by inability to ambulate effectively*

(1) *Definition*. Inability to ambulate effectively means an extreme limitation of the ability to walk .... Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation <u>without the use of a hand-held assistive device(s)</u> that limits the functioning of <u>both</u> upper extremities ....

(2) *To ambulate effectively*, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

20 C.F.R. Pt. 404, subpt. P, app. 1, §1.00B(2)(b). (Emphasis added).

Here substantial evidence also supports the ALJ's finding that Plaintiff did not meet Listing 1.04C. As the ALJ noted, Dr. Holland noted Plaintiff used a cane to assist with balance when walking and standing "85% of the time outside" and "about 40%" of the time inside of his home (Tr. 14, 221). The ALJ also pointed out that agency employees did not report Plaintiff had any difficulty ambulating (Tr. 14, 136, 151). Dr. Witt did not mention that Plaintiff required a

---

2 Issues not raised in a statement of the issues or in an argument section are waived. See <u>Hollon ex rel. Hollon v. Comm'r of Soc. Sec.</u>, 447 F.3d 477, 491 (6th Cir. 2006); <u>Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 43 F.3d 1054, 1058-59 (6th Cir. 1995).

8

cane to ambulate effectively (Tr. 251-52). In addition, the ALJ noted the record failed to show a treating or examining source recommended Plaintiff use a cane (Tr. 14). See SSR 96-9p, 1996 WL 374185, at *7 (S.S.A.) ("To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed . . . ). Even if a cane was necessary, Plaintiff failed to show the cane limited the functioning of both his upper extremities, as required by 20 C.F.R. Pt. 404, subpt. P, app. 1, §1.00B(2)(b)(1) to meet the listing. See 20 C.F.R. pt. 404, subpt. P, app. 1, §1.04C. As substantial evidence demonstrated Plaintiff was able to ambulate effectively, the ALJ properly found he did not meet the requirements of listing 1.04C. For those reasons, I conclude the ALJ's finding that Plaintiff did not meet listing 1.04 was supported by substantial medical evidence.

Plaintiff argues the medical record and his testimony establish he met listing 1.04, and that the ALJ failed to properly develop the record (Pl.'s Br. at 9-10). Plaintiff does not explain what evidence he alleges the ALJ should have obtained in order to determine he was disabled. In this case Plaintiff was represented by counsel and there was sufficient evidence in the record for the ALJ to make the necessary findings.

It is well-established that the ALJ carries the responsibility for ensuring "that every claimant receives a full and fair hearing . . . ." Simpson v. Comm'r of Soc. Sec., 344 F. App'x 181, 189 (6th Cir. 2009) (citing Lashley v. Sec'y of Health & Human Servs., 708 F.2d 1048, 1051 (6th Cir. 1983)). Yet, "[t]he burden of providing a complete record, defined as evidence complete and detailed enough to enable the Secretary to make a disability determination, rests with the claimant." Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 214 (6th Cir.

9

1986); see also Rise v. Apfel, 234 F.3d 1269, at *2 (6th Cir. 2000) (Table) (claimant is "responsible for furnishing evidence that can be used to reach the conclusion that [he] is disabled."); Moon, 923 F.2d at 1181 (it is the claimant's burden to prove that he is disabled and entitled to benefits).

Plaintiff was represented by counsel at the hearing (Tr. 20, 64). It is only under special circumstances, such as when the claimant is unrepresented by counsel, that an ALJ has a special duty to develop the record. See Lashley, 708 F.2d at 1051-52. In any case, whether or not the claimant is represented, the ALJ's duty is not endless. When the ALJ has sufficient evidence to make the necessary findings, the duty to develop a "full" record is satisfied. See Born v. Sec'y of Health & Human Servs., 923 F.2d 1168, 1172 (6th Cir. 1990) (holding that the ALJ adequately developed the record where it was not shown that "further questioning ... would have enhanced [the] determination of disability").

I conclude that the record in this case was adequate. The medical record contained two consultative examinations, including one the same month as the hearing (Tr. 20, 221-24, 250-52), along with other medical records and non-examining State agency consultative assessments (see generally Tr. 186-252). At the commencement of the hearing, the ALJ told Plaintiff he would listen to anything Plaintiff had to say about his circumstances and any arguments made by his representative (Tr. 22). The ALJ admitted the exhibits into the record without objection (Tr. 23, 250-52). Plaintiff was sworn and examined by the ALJ (Tr. 23-27). Thereafter, the ALJ listened to Plaintiff's counsel's examination of Plaintiff (Tr. 27-31). Plaintiff did not complain at the hearing or in his request for review to the Appeals Council that the record was not complete (Tr. 4-5, 22-32, 183-85). Under the circumstances, I conclude Plaintiff's argument that the ALJ

10

failed to fully develop the record fails.

      2. Did the ALJ err by failing to consider the combined effects of Plaintiff's medically determined severe impairments in determining he could engage in substantial gainful activity?

      Plaintiff next contends the ALJ did not consider his impairments in combination (Doc 10-1, Plaintiff's Brief at 10). However, the ALJ found Plaintiff had "severe impairments" and did not have a "combination of impairments" that met or equaled a listed impairment. I agree with the Commissioner that this is sufficient to establish that the ALJ considereed the combined effects of Plaintiff's impairments (Tr. 12-13). See Hill v. Comm'r of Soc. Sec., --- F. App'x ---, 2014 WL 1257948, at *3 (6th Cir. Mar. 27, 2014) ("[H]ere, the ALJ found that Hill did not have a 'combination of impairments that meets or medically equals one of the listed impairments [.]' Plaintiff does not explain in what way the ALJ did not consider the combined effect of his impairments.

      In this case the ALJ found Plaintiff capable of a full range of medium work (Finding 5, Tr. 13). Given the review of the entire medical record, which is referred to above, I conclude there is substantial evidence to support the RFC of medium work. Given this RFC, the ALJ found at step four of the sequential evaluation process that Plaintiff could perform his past relevant work as a shipping/receiving clerk and a line feeder as he performed it and as generally performed in the national economy (Tr. 15). See 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant will be found not disabled if he can perform his past relevant work either as he performed it or as it is generally performed in the national economy. See id.; Smith v. Sec'y of Health and Human Servs., 893 F.2d 106, 110 (6th Cir. 1989); Studaway v. Sec'y of Health and Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987). To help decide if

Plaintiff could perform his past relevant work, the ALJ asked a vocational expert (VE) if an individual who could perform the full range of medium work could perform any of his previous employment (Tr. 31). The VE testified that such an individual could perform Plaintiff's past relevant work as a shipping/receiving clerk and a line feeder (Tr. 31).

The ALJ properly relied on the VE's testimony. Plaintiff failed to prove that he could not perform his former work as a shipping/receiving clerk and a line feeder as he performed them or as generally performed in the national economy. See 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1560(b)(2), 416.920(a)(4)(iv), 416.960(b)(2); Smith, 893 F.2d at 110; Studaway, 815 F.2d at 1076.

Plaintiff notes the VE testified in response to a question from the ALJ that based on his testimony there was no work Plaintiff could perform (Pl.'s Br. at 10; Tr. 31). That answer was based on Plaintiff's testimony being accepted (Tr. 31). Plaintiff argues that "[o]nce the [VE] testified that the claimant could not perform any work, it is the duty of the ALJ to ascertain whether there are sufficient jobs existing in the national economy that the claimant can perform" (Pl.'s Br. at 10). However, the ALJ found Plaintiff was less than fully credible (Tr. 13). Specifically, the ALJ found he was not credible to the extent his testimony was inconsistent with the ALJ's RFC finding that he could perform the full range of medium work (Tr. 13). "An ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability," and "can present a hypothetical to the [vocational expert] on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate." Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 476 (6th Cir. 2003). The ALJ was not required to accept the VE's response to the hypothetical

12

question based on Plaintiff's subjective testimony.  See Walton v. Comm'r of Soc. Sec., 60 F. App'x 603, 611 (6th Cir. 2003) (ALJ was not obligated to rely on the VE's testimony that was given in response to a hypothetical question that was based on Plaintiff's credibility; rather, the ALJ properly relied on the VE's response to a hypothetical question that was based on the limitations that were credited by the ALJ and supported by substantial evidence on the record); Blacha v. Sec'y of Health and Human Servs., 927 F.2d 228, 231 (6th Cir. 1990) (holding that if the hypothetical question is supported by substantial evidence on the record, it need not reflect a claimant's unsubstantiated complaints).

Substantial evidence supports the ALJ's assessment of Plaintiff's RFC and the relevant hypothetical question to the VE.  Given the ALJ's RFC, the testimony of the VE, and the description of Plaintiff's former work as he performed it (Tr. 166), substantial evidence supports the ALJ's decision that Plaintiff could perform his past relevant work as a shipping/receiving clerk and a line feeder as he performed it and as generally performed in the national economy and was not disabled.

Conclusion

Having carefully reviewed the entire administrative record and the briefs of the parties filed in support of their respective motions, I conclude there is substantial evidence in the record to support the findings of the ALJ and the decision of the Commissioner, and neither reversal nor remand is warranted on these facts. Accordingly, I RECOMMEND:

(1) The plaintiff's motion for summary judgment (Doc. 10) be DENIED.

(2) The defendant's motion for summary judgment (Doc. 11) be GRANTED.

(3) The case be DISMISSED. [3]

S /William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).